■ ROBERT MESHURLE, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 41342.) — HERLIHY, J. The State appeals from a judgment in favor of the claimant in an automobile negligence claim. The claimant, a passenger in a truck, sustained personal injuries as the result of an accident, it being alleged that the State was negligent in the maintenance of an unusually slippery road and in failing to provide signs to warn motorists of such condition. From a reading of the record, while there are testimony and exhibits which attempt to show that the road was unusually slippery when wet, the following testimony of the operator of the truck establishes that the accident was not due to that condition but to the manner in which the truck was operated. On direct examination, he testified: " Q. Now, you tell us, if you will in your own words, what happened as you approached this accident scene? A. Well, as I approached the curve I saw this car coming and the tail end whipping toward me, so I tried — I pulled over to the side of the shoulder to give him as much room as I possibly could and after he passed me I was on the shoulder and as I went around the turn I tried to get back onto the shoulder and when I did — Q. Back onto the shoulder? A. Back onto the road. Excuse me. And when I did I got the two front wheels were on the road and when I tried to swing the tail end it sort of like — like on a curve or something, riding. It had this riding effect and when I turned the wheel a little bit more to get over this the tail end just whipped right around and then I tried to turn my wheels the opposite way of the skid and I had no control whatsoever over it." On cross-examination, the following took place: " Q. Now, you stated that as you drove around this curve a car was coming the other way and you moved over to the

side to give this car as much room as possible and you went onto the shoulder, at least the two right wheels of your truck went onto the shoulder; is that correct? A. Yes, sir. Q. And you then stated that when the vehicle going in the other direction had gone by you, you then attempted to get the car back onto the pavement of the highway; is that true? A. Yes, sir. Q. During this time you went into a skid or your rear end whipped around; is that correct? A. Yes, sir. Q. Would it be fair to describe it as your rear end whipping around? A. Yes, sir. Q. And this was during the time that you were attempting to get back onto the pavement but hadn't as yet gotten all four wheels back on the pavement. The front wheels were already on; is that correct? A. Yes, sir. Q. The front wheels were already on; is that correct? A. Yes, sir. Q. Would it be fair to describe it as your rear end whipping around? A. Yes, sir. Q. And this was during the time that you were attempting to get back onto the pavement but hadn't as yet gotten all four wheels back on the pavement. The front wheels were already on, is that correct? A. The front wheels were on; yes. Q. But the back right wheel was still on the shoulder? A. Yes. Q. And you started into the skid? A. Yes." This undisputed testimony as to the operation of the automobile renders irrelevant the finding of negligence on the part of the State in maintaining a highway "in its dangerous condition or that signs were required to warn that the road was more slippery than normal when wet". If we were to assume that the road was more slippery than normal when wet, there is no showing in this record that that condition contributed to the happening of the accident but that the proximate cause was due to the negligent manner in which the truck was operated. In view of our finding, it is not necessary to pass upon the other alleged errors. Judgment reversed, on the law and the facts, and claim dismissed, without costs. Gibson, P. J., Reynolds and Taylor, JJ., concur; Aulisi, J., dissents and votes to affirm, on the opinion of the Court of Claims.